Woodrow and Ila SMITH; Jon W. Hazelgren; James L. and Gay L. Pierson; Sterling H. Nelson & Sons, Inc., a Utah corporation; and Donna Rae Goodall, Plaintiffs and Appellants,

v.

The REDEVELOPMENT AGENCY OF MURRAY CITY; Murray City Corporation; Lavar McMillan, in his official capacities as Mayor of Murray City and the Chief Executive Officer of the Redevelopment Agency of Murray City; Gene H. Rosvall, A. Gregory Brown, Julie L. Davis, Norman Nielsen, and Legrand Black, in their official capacities as members of the Board of Directors of the Redevelopment Agency of Murray City; and Blaine Gehring, in his official capacity as Executive Director of the Redevelopment Agency of Murray City, Defendants and Appellants.

No. 890119.

Supreme Court of Utah.

Feb. 5, 1991.

Walter P. Faber, Jr., Richard M. Matheson, Salt Lake City, for plaintiffs and appellants.

Harold A. Hintze, Provo, for defendants and appellants.

DURHAM, Justice:

In 1987, certain property owners brought this action in the Third District Court of Salt Lake County, claiming that an ordinance adopting a redevelopment plan was invalid. Plaintiffs own property included in the project area defined by the plan. They argue that section 11–19–9 of the Utah Neighborhood Development Act requires individual findings regarding the condition of the specific parcels of land included in a project area and that the absence of such findings invalidates the ordinance.[1] The trial court granted partial summary judgment to defendants, ruling that the property owners' challenge was barred because they did not object to the enactment of the ordinance or file an independent action within the applicable statute of limitation. This appeal arises from that award of summary judgment.

On August 17, 1978, pursuant to the Utah Neighborhood Development Act (the Act), Utah Code Ann. §§ 11–19–1 to –20 (1973),[2] the Board of Commissioners of Murray City (the City) published an ordinance adopting a redevelopment project area plan for project area No. 1 in Murray City. Prior to the adoption of the ordinance, public hearings were held pursuant

---

1. Properties which may be included in a project area are specifically restricted by section 11–19–9 to "buildings, improvements, or lands which are detrimental or inimical to the public health, safety or welfare."

2. In 1990, the Utah Legislature renumbered the Act as §§ 17A–2–1201 to –1260. 1990 Utah Laws ch. 186, §§ 576 to 635. Unless otherwise noted, all references in this opinion to the Act are to the language as it existed in 1978, and for this reason, we use the old numbering system.

to the Act. *See* Utah Code Ann. §§ 11–19–12, –15. The property owners in the project area, including plaintiffs, were given notice of the hearings.[3] They had an opportunity to object to the inclusion of their property in the project area and to raise any legal challenges.[4]

The Utah Legislature has established that challenges to "the regularity, formality, or legality" of an ordinance adopting a redevelopment plan must be asserted within thirty days from publication of the ordinance. Utah Code Ann. § 11–19–20.[5] The Act provides that "after the 30 day period, no person may contest the regularity, formality or legality of the Ordinance *for any cause whatsoever.*" *Id.* (emphasis added). Although they had notice of the inclusion of their property in the project area, plaintiffs did not object to the ordinance or bring a separate action to attack it until 1987. Under the plain language of the statute of limitation, this action was not filed within the thirty-day period, and the trial court properly determined that the claim is barred. For that reason, we affirm the partial summary judgment entered by the trial court and award the City costs on appeal.

The adoption of a plan is only the first step toward urban redevelopment under the Act. Condemnation of the included property is frequently an additional step in the process. We note that the property involved in this appeal has not been condemned and is no longer subject to condemnation. The Act now provides a seven-year limitation on condemnation proceedings for all project area redevelopment plans. That period expired on April 1, 1990, for these properties. We therefore do not address and specifically reserve the question of whether the findings mandated by the Act in section 11–19–9 are constitutionally required prior to the condemnation of individual parcels of land included in the project area.[6]

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

3. Pursuant to section 11–19–16, notice of the public hearing on the project redevelopment plan was given generally by publication and by mail to the individual owners of each parcel of land included in the project area.

4. Thus the notice in this case was more comprehensive than the notice found to be constitutionally inadequate by the Utah Court of Appeals in *W & G Co. v. Redevelopment Agency of Salt Lake City,* 802 P.2d 755 (Utah Ct.App.1990).

5. The statute of limitation was enlarged to sixty days by an amendment effective June 1983, but in 1978, the thirty-day provision was applicable.

6. We note that the Utah Court of Appeals recently concluded in dicta that an entire project area can be condemned so long as there are findings that "the project area, taken as a whole, is detrimental or inimical to the public health, safety, or welfare, even if some buildings, structures, or lands within it are not blighted." *W & G Co. v. Redevelopment Agency of Salt Lake City,* 802 P.2d at 770.